IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Petitioner,

vs.                                            No. CV 18-00413 JCH/KRS

ALISHA LUCERO,

      Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Bryce Franklin on May 1, 2018 (Doc. 1). The Court will dismiss the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Bryce Franklin was convicted by a jury on a state criminal charge of First Degree Murder and is serving a life sentence in the custody of the New Mexico Department of Corrections. Franklin also has multiple state court convictions for other crimes, including Tampering With Evidence, Theft of an ATM Card, Armed Robbery, False Imprisonment, and Burglary. *See* New Mexico case nos. D-1333-CR-2012-00184, D-1333-CR-2009-00056, D-1333-CR-2008-00239. In this case, Franklin does not contest his state court criminal convictions or sentences. Instead, he seeks habeas relief from alleged deprivation of good time credits and other privileges by the New Mexico Department of Corrections through a disciplinary proceeding. (Doc. 1 at 1).

The prison disciplinary proceeding arose out of a scan of a letter by Lt. Harbour. In the Inmate Misconduct Report, Lt. Harbour reported that Franklin was "attempting to have 'Cheeto'

1

aka Christopher Lloyd to set Franklin up with 'orange mana' aka Suboxone." (Doc. 1 at 18). Franklin's letter stated:

> "I need to try to get some orange mana. I got someone you can mail it to. I'd like to get some before I go to court. May is coming up soon. If things go bad this may be my last opportunity."

(Doc. 1 at 18). Franklin was charged with attempting to introduce contraband into the prison and attempting to possess dangerous drugs. (Doc. 1 at 118).

A major disciplinary hearing was held on March 5, 2015. Franklin was present at the hearing, was advised of the charges, called witnesses, and denied the misconduct report. (Doc. 1 at 24-25). The original letter was available at the hearing, but Franklin was not permitted to possess a copy of the letter because his possession of a copy would constitute a security risk. (Doc. 1 at 17). At the hearing, Franklin contended that "orange mana" is a card that is part of a card game, "Magic," and not a reference to Suboxone. He moved to dismiss the charges, but the motion was denied. (Doc. 1 at 24-25). The discipline imposed included loss of all good time credits and restrictions on non-contact visits for 120 days. (Doc. 1 at 24-25).

Franklin appealed the disciplinary decision to the Warden. The Warden denied the appeal, concluding that, based on the record, prison policies and procedures were substantially complied with and the sanctions imposed were within the scope of permissible sanctions under Department of Corrections' policy. (Doc. 1 at 26-27). Franklin then appealed to the New Mexico Department of Corrections. The Department of Corrections also found no merit and denied the appeal. (Doc. 1 at 28).

Petitioner Franklin filed a petition for writ of habeas corpus in Eighth Judicial District, State of New Mexico, cause no. D-818-CV-2015-00044, raising the same due process and free speech issues. (Doc. 1 at 4). The Court has reviewed the official record in Petitioner's state court

proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records in D-818-CV-2015-00044. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand);  *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

In his state habeas corpus proceedings, Franklin raised the same due process and free speech allegations.  (Petition, D-818-CV-2015-00044).  Based on the prison disciplinary record, the state court concluded that "[t]he Respondent did not violate policy or law and did not act arbitrarily or capriciously and substantial evidence existed." (7/16/2015 Order Denying Writ of Habeas Corpus, D-818-CV-2015-00044). The state court summarily dismissed the Petition because the "petitioner fails to facially establish an entitlement to relief as a matter of law." (7/16/2015 Order Denying Writ of Habeas Corpus, D-818-CV-2015-00044).

Franklin then filed a second state habeas corpus proceeding. *See* No. D-101-CV-2017-02293.  The state court dismissed the petition by a procedural order, stating that this was the second petition Franklin had filed, he had received a full review in his first habeas corpus proceeding on a record that included more information than the second case, and that he failed to present a valid reason to review claims that had already been decided by the previous court.  (Doc. 1 at 30).

Franklin filed his § 2254 Petition in this Court on May 1, 2018. (Doc. 1). In his Petition, Franklin claims he was deprived of good time credits and privileges in violation of his due process rights and freedom of speech. (Doc. 1 at 3). Franklin alleges three grounds for § 2254 relief:

(1) He was provided no notice or appeal. He first became aware that his letter had been censored when he was served with an inmate misconduct report. The misconduct report cannot serve as replacement notice. It did not provide him with an opportunity to object to the unreasonable censorship. (Doc. 1 at 16-17);

(2) Franklin was not allowed to inspect or possess a copy of the letter prior to or during the hearing because it was deemed a security hazard. However, it cannot be a security hazard for him to possess a copy because, as the author, he has already seen the contents of the letter. (Doc. 1 at 17);

(3) There was no evidence to support the "guilty" decision. The only evidence was the misconduct report. Lt. Harbour alleged a connection between Franklin's use of the word "orange" and suboxone, but there is no documentary evidence to support the connection. (Doc. 1 at 18).

## **THE STANDARD FOR § 2254 HABEAS CORPUS REVIEW**

Franklin is proceeding in this Court under 28 U.S.C. § 2254. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). Habeas corpus relief is not limited to immediate release from illegal custody but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968). Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus.

4

If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).* The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as

neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable.  *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

## ANALYSIS OF PETITIONER'S § 2254 CLAIMS

Deprivation of a prisoner's earned good time credits implicates the prisoner's liberty interests and the Fourteenth Amendment requires due process in the disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974).  In general, the process due in prison disciplinary proceedings includes: (1) written notice of the claimed violations; (2) disclosure of evidence against the prisoner; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and

detached hearing officer; and (6) a written statement by the factfinders as to the evidence relied on and reasons for the decision. *Wolff*, 418 U.S. at 559.

In administrative proceedings, such as prison disciplinary actions, due process does require that there be some evidence to support the decision to revoke good time credits. *See, e.g., United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir. 1974). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *Compare Jackson v. Virginia,* 443 U.S. 307, 313-316 (1979) *with Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. See *Wolff,* 418 U.S., at 562–563, 567–569.

In Ground One of his Petition, Franklin claims that he was deprived of goodtime credits in violation of his due process rights. (Doc. 1 at 16-17). He argues that he was denied due process: (1) because he was not provided notice or an appeal: (2) because he was not given a copy of the letter to inspect or possess; and (3) because there was no evidence to support the disciplinary decision. (Doc. 1 at 16-18). The disciplinary record shows that Franklin did receive written notice

of the claimed violation. Although Franklin argues that the Inmate Misconduct Report cannot constitute due process notice, it unquestionably gave him written notice of the charges against him. (1 at 18). The record also shows that a major disciplinary hearing was held, Franklin was present at the hearing, was advised of the charges, called witnesses, and made motions to dismiss the misconduct report. (Doc. 1 at 24-25). Franklin was granted the opportunity to appeal the disciplinary decision and did appeal the disciplinary decision to the Warden and to the New Mexico Department of Corrections. (Doc. 1 at 26-28). The disciplinary proceedings afforded Franklin all due process required under federal law. *Wolff*, 418 U.S. at 559.

Franklin's argument that he was denied due process because he wasn't allowed to inspect or possess a copy of his letter similarly fails. The record does not support Franklin's claim that he was not allowed to inspect the letter. The original letter was available for his review and use at the hearing and Franklin admitted that he knew its contents. (Doc. 1 at 24-25). Franklin was not permitted to possess a copy of the letter because his possession of a copy would constitute a security risk. (Doc. 1 at 17). Prison officials may properly restrict evidence where good cause exists in order to protect the security of the facility. *See Wolff*, 418 U.S. at 559 (prison may restrict confrontation of witnesses where good cause exists). Because the original letter was available during the proceedings, Franklin was not denied due process by the restrictions on his inspection and possession of a copy of the letter.

Last, Franklin's contention that there is no evidence to support the decision is also without merit. Lt. Harbour provided testimony regarding the inspection and contents of the letter and the circumstances leading to the charges. (Doc. 1 at 17, 24-25). Franklin does not dispute that he wrote the letter or the contents of the letter. He admits being the author and knowing the contents of the letter. (Doc. 1 at 17). Instead, he claims that Lt. Harbour's interpretation of the letter is

incorrect and presents his own story regarding the interpretation of the letter.  Franklin argues that, because Lt. Harbour's interpretation is not supported by documentary evidence, that it amounts to speculation.  (Doc. 1 at 17).  Franklin's contention is incorrect.  Lt. Harbour's testimony constitutes evidence to support the disciplinary decision.  The word "orange" is a recognized code word for Suboxone.  *See* Drug Enforcement Administration Intelligence Report, *Slang Terms and Code Words: A Reference for Law Enforcement*, p. 2 (2018).  It was for the hearing officer to determine the credibility of Lt. Harbour and Franklin and decide which version to accept.  Neither the state court nor this Court should revisit the hearing officer's credibility determinations.  *Willis v. Ciccone,* 506 F.2d at 1018. The disciplinary decision is supported by sufficient evidence to meet due process requirements.  *Wolff,* 418 U.S., at 562–563, 567–569.

In Ground Two of his Petition, Franklin claims unjustified censorship of his mail in violation of his First Amendment rights.  (Doc. 1 at 20). Franklin's First Amendment claims regarding inspection and censorship of his letter do not afford any basis for § 2254 relief in this case. Prison officials do not violate the First Amendment by inspecting and reading an inmate's outgoing non-legal mail. *Altizer v. Deeds*, 191 F.3d 540 (4th Cir. 1999) (opening and inspecting inmate's outgoing mail is reasonably related to legitimate penological interests and does not violate the First Amendment); *Smith v. Delo*, 995 F.2d 827, 830 (8th Cir. 1993) (prison officials are justified in screening outgoing nonlegal mail for escape plans, contraband, threats, or evidence of illegal activity); *Stow v. Grimaldi*, 993 F.2d 1002, 1004–05 (1st Cir. 1993) (state prison practice requiring that non-privileged outgoing mail be submitted for inspection in unsealed envelopes did not violate prisoner's constitutional rights); *United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("it is well established that prisons have sound reasons for reading the outgoing mail of

their inmates"); *see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding prison regulations authorizing the inspection of incoming and outgoing nonlegal mail).

Franklin's letter was inspected by prison officials because it was addressed to a former inmate, Christopher Lloyd a/k/a "Cheeto," who was known to prison officials and mail to him presented a possible security risk. (Doc. 1 at 24). Franklin's state court petition claimed that the prison failed to follow Department of Corrections' policy in its handling and inspection of the letter. (Petition, D-818-CV-2015-00044). The state court determined that Lt. Harbour's inspection of Franklin's letter did not violate any policy and was consistent with law. (7/16/2015 Order Denying Writ of Habeas Corpus, D-818-CV-2015-00044). Prison officials may justifiably censor outgoing mail containing escape plains, information about proposed criminal activity, or encoded messages. *See Procunier v. Martinez*, 416 U.S. 396, 413, 416 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). The state court's decision is not contrary to or an unreasonable application of federal law. *Woodford v. Visciotti,* 537 U.S. at 24.

The state court's decision upholding the disciplinary decision is not contrary to or an unreasonable application of clearly established Federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Instead, the state court's analysis and conclusions are consistent with U.S. Supreme Court due process and First Amendment precedents as set out *Wolff*, 418 U.S. at 559 and *Procunier*, 416 U.S. at 413, 416. Applying the highly deferential standard of § 2254(d), this Court concludes that Franklin is not entitled to relief on his Fourteenth Amendment due process claim or his First Amendment claim. *Woodford v. Visciotti,* 537 U.S. at 24.

Under Rule 11 of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court determines that Petitioner Franklin has not made a substantial showing of denial of a constitutional right and will deny a certificate of appealability.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Bryce Franklin (Doc. 1) is **DISMISSED** with prejudice and a Certificate of Appealability is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE